### HENRY SALTSMAN

#### *v.*

### ORRIN P. BISSELL *et al.*

CHANCERY — *remedy against judgment at law.* On the hearing of a bill in equity to enjoin the collection of a judgment at law, on the ground that it was taken in violation of an agreement to continue the case until a subsequent term of court, it appeared that the complainant was present in court when the default was taken against him: *Held*, that his remedy was complete at law; that he should have made known the agreement to the court, at the time, or have applied to set aside the default, and that it was his own negligence in not availing of the remedy, and therefore equity could not relieve him.

APPEAL from the Circuit Court of Livingston county; the Hon. A. J. PILLSBURY, Judge, presiding.

This was a bill filed by Henry Saltsman against Orrin P. Bissell and Frank Rohman, to enjoin the collection of a judgment in favor of Bissell and against the complainant, Rohman being the sheriff of the county and having an execution issued on the judgment in his hands. The bill was dismissed, and the complainant appealed.

Messrs. CLARK & ELLWOOD, for the appellant.

Mr. S. S. LAWRENCE, and Mr. C. C. STRAWN, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This appeal is prosecuted to reverse the decree of the court below, dismissing appellant's bill.

The object of the bill was to enjoin the collection of a judgment at law, upon the ground that it was taken in violation of an agreement to continue the case until a subsequent term of the court.

The evidence is very unsatisfactory whether such an agreement as is claimed by the bill was, in fact, made; but, aside from that, the evidence clearly shows that appellant was present in the court when the default was taken against him, and it is not pretended that he made any effort to have it set aside. If the default was taken in violation of an agreement to continue the case, appellant, being present when the case was called, should have made known the agreement to the court; or, at all events, he should have moved to set aside the default. His remedy was complete at law, and it was the result of his own negligence that he did not avail of it. Equity, under such circumstances, can afford no relief.

The decree is affirmed.

*Decree affirmed.*